IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-261-FL

| | |
|---|---|
| WESLEY T. NEAL, | ) |
|     Plaintiff, | ) |
| v. | )     ORDER |
| WAYNE CURTIS PARADISE and UFP TRANSPORTATION INC., | ) |
|     Defendants. | ) |

This matter is before the court on defendant UFP Transportation Inc.'s ("UFP Transportation") motion for summary judgment. (DE 18). The motion has been fully briefed, and, in this posture, the issues raised are ripe for ruling. For the reasons that follow, defendant's motion for summary judgment is granted.

## BACKGROUND

On February 8, 2013, plaintiff and defendant Wayne Curtis Paradise ("Paradise"), each working as a commercial truck driver, were involved in a traffic accident in Pender County, North Carolina. Defendant UFP Transportation owned the truck that Paradise was driving but contends that, at all times, Paradise was not its employee. UFP Transportation maintains that Paradise's employer was non-party UPF Mid-Atlantic, which is a separate corporate affiliate.

Plaintiff initiated this action October 27, 2015, in the General Court of Justice Superior Court Division for Robeson County, North Carolina, seeking compensatory and punitive damages from both defendants arising out of Paradise's alleged negligence, which plaintiff claims "is imputed to

defendant UFP Transportation . . ." (Compl. ¶ 10, DE 1-1, at 7). Thereafter, defendants removed the case to this court on the basis of diversity jurisdiction.

Following a period of discovery, UFP Transportation filed the instant motion October 3, 2016, seeking summary judgment on the ground that, where Paradise was not UFP Transportation's employee, UFP Transportation is not liable for Paradise's negligence. In support of the motion, UFP Transportation relies on Paradise's statements at deposition to the effect that UFP Mid-Atlantic was, in fact, his employer. Additionally, UFP Transportation relies on the affidavit of Larry Ogg ("Ogg"), director of logistics for UFP Transportation, in which Ogg states that "UFP Mid-Atlantic, LLC is a separate and independent corporate entity from UFP Transportation, Inc." (Ogg Aff. ¶ 7, DE 20-2, 2). Additionally, Ogg states that, UFP Transportation never employed Paradise and UFP Mid-Atlantic was Paradise's employer when the accident occurred. (Id. ¶¶ 4 & 6).

Plaintiff opposes the motion arguing that, under North Carolina law, proof of ownership of a motor vehicle constitutes prima facie evidence that the owner may be held responsible for a driver's negligence. Additionally, plaintiff directs the court's attention to defendants' answer in which UFP Transportation admits that it owned the truck Paradise was driving at the time of the accident. (Defs.' Answer ¶ 6, DE 5, 2) Accordingly, plaintiff maintains he is entitled to submit to a jury the question whether UFP Transportation was Paradise's employer at the relevant time.

## STATEMENT OF FACTS

The facts viewed in the light most favorable to plaintiff may be summarized as follows. On February 8, 2013, plaintiff and defendant Paradise each worked as a commercial truck driver. At approximately 1:06 P.M., plaintiff was driving a truck southward along US 421. At the same time, Paradise was driving east along NC 53 in a truck owned by UFP Transportation. In Pender County,

North Carolina, US 421 and NC 53 intersect, and, at that intersection, drivers traveling along NC 53 encounter stop signs, but drivers traveling along US 421 do not. Paradise brought his truck to a stop at the intersection, and, shortly thereafter, he attempted to cross the intersection to continue traveling east along NC 53. As Paradise's truck was crossing the intersection, plaintiff approached in his truck at a high rate of speed and the two trucks collided. Before plaintiff's truck came to a stop, it rolled over on its side and stuck a telephone pole. As a result of the crash, plaintiff suffered severe injuries. This action followed.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the non-movant then affirmatively must demonstrate a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-movant for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

In deciding a motion for summary judgment, the court construes evidence in the light most favorable to the non-movant party and draws all reasonable inferences in the non-movant's favor. Anderson, 477 U.S. at 255. A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record]

which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the non-movant must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)).

B.     Analysis

Under North Carolina law, "[i]f an employee is negligent while acting in the course of employment and such negligence is the proximate cause of injury to another, the employer is liable in damages under the doctrine of respondeat superior . . ." Johnson v. Lamb, 273 N.C. 701, 707 (1968); see Vaughn v. North Carolina Dept. of Human Res., 296 N.C. 683, 686 (1979) ("Whenever the principal retains the right to control and direct the manner in which the details of the work are to be executed by his agent, the doctrine of respondeat superior operates to make the principal vicariously liable for the tortious acts committed by the agent within the scope of his employment.").

Further, the North Carolina General Statutes provide for a statutory presumption as to the employment or control of an individual driver by the registered owner of a motor vehicle, as follows:

> (a) In all actions to recover damages for injury to the person or to property . . . arising out of an accident or collision involving a motor vehicle, proof of ownership of such motor vehicle at the time of such accident or collision shall be prima facie evidence that said motor vehicle was being operated and used with the authority, consent, and knowledge of the owner in the very transaction out of which said injury or cause of action arose.
>
> (b) Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action, be <u>prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment</u>.

N.C. Gen. Stat. § 20-71.1 (emphasis added). Accordingly, in a case involving a motor vehicle

4

accident arising under North Carolina law, where a plaintiff offers evidence that a defendant owned the vehicle operated by a negligent driver, such evidence establishes a prima facie case that owner is liable for driver's negligence under the doctrine of respondeat superior. See id.; Johnson, 273 N.C. at 707; see also Fed. R. Evid. 302 ("In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision."). However, where a plaintiff relies solely on the foregoing statutory presumption, and a defendant produces affirmative evidence that a negligent driver was not the defendant's agent or employee, "the prima facie showing disappears . . ." DeArmon v. B. Mears Corp., 312 N.C. 749, 756 (1985).

In the instant matter, defendant UFP Transportation has provided unrebutted evidence in the form of defendant Paradise's deposition testimony and the affidavit of Ogg that Paradise was the employee of non-party UFP Mid-Atlantic when the accident occurred. (see Paradise Dep. 7:25–8:1, DE 20-1, 8–9 ("Yes, I was an employee [of UFP Mid-Atlantic]."); see also Ogg Aff. ¶¶ 2–7, DE 20-2, 1–2 ("UFP Mid-Atlantic, LLC employed . . . Paradise, who was the driver of the 18-wheeler delivery truck and trailer that is complained of in this action."). Accordingly, UFP Transportation has met its burden to "com[e] forward and demonstrat[e] the absence of a genuine issue of material fact" as to the issues of UFP Transportation's liability as employer. Celotex, 477 U.S. at 323. Therefore, where plaintiff has proffered no affirmative evidence and has relied entirely upon a presumption that "disappears" in the face of other affirmative evidence, DeArmon, 312 N.C. at 756, plaintiff has not met his burden to produce sufficient evidence for a jury to return a verdict in plaintiff's favor. See Anderson, 477 U.S. at 250.

In support of a contrary argument, plaintiff observes that under North Carolina law, a plaintiff relying on the statutory presumption without more to support a respondeat superior theory is entitled

5

to submit the agency question to a jury even if the defendant produces affirmative evidence that a negligent driver was not the defendant's agent or employee. See DeArmon, 312 N.C. at 759 ("when a plaintiff on an agency issue relies entirely on the prima facie case created by the statute and defendant offers positive evidence which, if believed, would demonstrate the absence of agency . . . . the only question for the jury is whether it believes the contrary evidence.") (emphasis added) [hereinafter, the DeArmon rule].

Under the Erie doctrine, federal courts sitting in diversity apply state common law but federal procedural rules. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996). Where state procedural rules are inapplicable in federal court, the court first must determine whether the state rule in question is substantive or procedural. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). Second, if a state rule is found to be substantive, the court must determine whether the state rule conflicts with a Federal Rule of Civil Procedure. Shady Grove Orthopedic Ass'n., P.A. v. Allstate Ins. Co., 559 U.S. 393, 407 (2010). If a conflict exists between a state rule and a Federal Rule of Civil Procedure, the Federal Rule applies unless it alters "the rules of decision by which the court will adjudicate [the parties'] rights." Id. (holding that a Federal Rule of Civil Procedure governs the circumstances to which it applies unless it exceeds the scope of the Rules Enabling Act, which provides that the Rules "shall not abridge, enlarge, or modify any substantive right [28 U.S.C.] § 2072(b)").

As described above, North Carolina courts afford plaintiffs opportunity for a determination at trial whether a defendant is liable in a motor vehicle accident case under the doctrine of respondeat superior. See DeArmon, 312 N.C. at 759. Applying an Erie analysis, the foregoing rule is procedural where it dictates the procedural posture in which a defendant's respondeat superior

6

liability may be determined. The DeArmon rule thus constitutes no substantive rule of North Carolina law. Rather, the rule in effect grants to plaintiffs an additional layer of procedural protection where a jury theoretically could decline to believe defendant's evidence contradicting an agency relationship even where a plaintiff submits no evidence in support of the same. Id.; see Johnson v. Hugo's Skateway, 974 F.2d 1408, 1416 (4th Cir. 1992) ("The allocation between judge and jury of the fact-finding responsibility is a procedural matter."). Accordingly, because the DeArmon rule is procedural, the Erie doctrine commands that this court apply the mechanisms of pre-trial resolution embodied in Federal Rule of Procedure 56, which requires that once the movant has met its burden to demonstrate the non-existence of a genuine dispute of material fact, the non-movant must then "set forth specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586–87. As set forth above, plaintiff's exclusive reliance upon a presumption that "disappears" in the face of contrary evidence does not constitute evidence sufficient to carry that burden.

Furthermore, even assuming the DeArmon rule is substantive, it still must yield to federal law because it conflicts with Federal Rule of Civil Procedure 56. See Shady Grove, 559 U.S. at 406; see also U.S. Const. Art. VI ("[T]he laws of the United States . . shall be the supreme law of the land . . . anything in the Constitution or laws of any State to the contrary notwithstanding."). Both the DeArmon rule and Rule 56 purport to govern the amount and character of evidence necessary for a plaintiff to submit its case to trial. That is, while Rule 56 requires a non-movant to submit evidence to demonstrate the existence of a material fact, the DeArmon rule grants to plaintiffs a trial on the issue of respondeat superior liability even if, as here, the plaintiff submits no rebuttal evidence at all. Therefore, where Rule 56 governs the circumstances under which summary judgment is

7

proper and does not modify any substantive rights arising under North Carolina law, the standards of Rule 56 apply notwithstanding any state law to the contrary. Shady Grove 559 U.S. at 406; cf. Johnson, 974 F.2d at 1416 (holding that substantive state law governing reasonableness of punitive damages must control in diversity cases, but in a manner consistent with federal procedure requiring the jury to serve a sole fact-finder in federal proceedings). Accordingly, under law controlling on this court, it is plaintiff's burden to rebut UFP Transportation's affirmative evidence that UFP Mid-Atlantic was, in fact, Paradise's employer at the time of the accident. Celotex,477 U.S. at 323.

In sum, because defendant UFP Transportation has set forth specific evidence that it was not defendant Paradise's employer at the time Paradise engaged in allegedly negligent conduct and plaintiff has failed to set forth contrary evidence, UFP Transportation's motion for summary judgment is granted.

**CONCLUSION**

For the foregoing reasons, defendant UFP Transportation's motion for summary judgment is GRANTED. With UFP Transportation's motion for summary judgment now decided, and with no other motion having been filed, in accordance with the Case Management Order entered January, 21, 2016, this case now is ripe for entry of an order governing deadlines and procedures for final pretrial conference and trial. The remaining parties are DIRECTED to consult and file by March 24, 2017, a joint status report informing of estimated trial length, particular pretrial issues which may now require court intervention in advance of trial, if any, and the parties' suggested alternative trial dates. Additionally, the parties are ORDERED to include in their joint status report a statement indicating the parties' views as to whether further efforts may aid resolution of this case short of trial.

SO ORDERED, this the 15th day of March, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge

9